# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1205

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| John L. Anthony, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 26, 2004
Filed: September 2, 2004

_____

Before LOKEN, Chief Judge, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

John Anthony appeals the district court's[1] refusal to apply "safety valve" relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a) to his sentence for violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 21 U.S.C. § 846. We affirm because the district court did not clearly err.

On October 14, 2003, John Anthony pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

violation of 21 U.S.C. § 841(a)(1) and (b)(1) and 21 U.S.C. § 846. The district court sentenced Anthony to the statutory minimum of ten years' imprisonment, followed by five years of supervised release. Before sentencing, Anthony participated in a proffer interview with Officer Stuart Nadgwick of the Fremont Police Department. Officer Nadgwick asked Anthony about his participation in the distribution of methamphetamine and his involvement with identified co-conspirators. The Presentence Investigation Report (PSR) contained several co-conspirator accounts of methamphetamine sales to or by Anthony and detailed his direct involvement in the conspiracy. Anthony did not object to these relevant portions of the PSR. Anthony moved for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). The government objected, arguing that Anthony had not truthfully provided the government with all information and evidence he had concerning the offense as required by 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5). The district court relied on a report of the proffer interview, the PSR, a recorded telephone conversation, drug ledgers, testimony by Officers Nadgwick and Smoot of their investigation in the case, and Anthony's testimony to render its sentence.

A court shall impose a sentence without regard to any statutory minimum sentence if the court finds at sentencing that, inter alia, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan ." 18 U.S.C. 3553(f)(5), U.S.S.G. § 5C1.2(a)(5). A district court may accept as true all factual allegations contained in a PSR that are not specifically objected to by the parties. United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993). A criminal defendant has the burden to prove he is entitled to the safety valve relief available under 18 U.S.C. § 3553(f). United States v. O'Dell, 204 F.3d 829, 838 (8th Cir. 2000). Our review of the district court's factual findings in such cases is for clear error. Id. "The sentencing court's assessment of the credibility of witnesses is nearly unreviewable." United States v. Dierling, 131 F.3d 722, 736 (8th Cir. 1997).

The district court did not clearly err in denying Anthony safety valve relief. Numerous contradictions between evidence provided by the PSR, the recorded conversation, drug ledgers, and Officers Nadgwick's and Smoot's testimony on the one hand; and Anthony's proffer interview and testimony at sentencing on the other, provided sufficient grounds for the district court's determination. The district court was entitled to assess the credibility of the witnesses as part of that finding, and we do not second-guess that determination today.

Accordingly, we affirm the judgment of the district court.

_____